## United States Bankruptcy Court
## Central District of California

IN RE:                                                    Case No. <u>2:11-bk-19896-RN</u>

<u>Anaya, Eduardo</u>                                       Chapter <u>7</u>
<div style="text-align:center">Debtor(s)</div>

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 259,500.00 | | |
| B - Personal Property | Yes | 4 | $ 60,932.59 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 327,359.59 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 28,843.26 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 3,810.43 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 3,849.81 |
| TOTAL | | 17 | $ 320,432.59 | $ 356,202.85 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only



FILED

MAR 22 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                    Case No. **2:11-bk-19896-RN**

Anaya, Eduardo _____    Chapter **7**
                          Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | 0.00 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 3,810.43 |
| Average Expenses (from Schedule J, Line 18) | $ | 3,849.81 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 4,250.00 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 21,964.59 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 28,843.26 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 50,807.85 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE <u>Anaya, Eduardo</u>                                                                    Case No. <u>2:11-bk-19896-RN</u>
                          Debtor(s)                                                                                  (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Primary Residence**<br><br>**Single Family Residence<br>Located at:**<br><br>**6508 Cedar St.<br>Huntington Park, CA  90255** | | J | 259,500.00 | 268,585.59 |
| | | | **TOTAL** 259,500.00 | |

TOTAL    259,500.00

(Report also on Summary of Schedules)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

**IN RE** Anaya, Eduardo

<center>Debtor(s)</center>

Case No. 2:11-bk-19896-RN

<center>(If known)</center>

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | **Tax Return for 2010** | | 8,197.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **CampusEdge Checking** | J | 46.36 |
| | | **Bank of America** | | |
| | | **Acc. Ending in #4367** | | |
| | | **Checking Account** | | 6.00 |
| | | **Bank of America** | | |
| | | **Acc.# Ending in 0049** | | |
| | | **MyAccess Checking** | J | 8.85 |
| | | **Bank of America** | | |
| | | **Acc. Ending in #2122** | | |
| | | **Prima Interest Checking** | J | 705.39 |
| | | **Bank of America** | | |
| | | **Acc. ending in #5809** | | |
| | | **Regular Savings** | J | 5.49 |
| | | **Bank of America** | | |
| | | **Acc. Ending in #6317** | | |
| | | **Regular Savings Account** | J | 18.50 |
| | | **Bank of America** | | |
| | | **Acc.# Ending 5215** | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Children #1 Bedroom Set** | J | 550.00 |
| | | **Children #2 Bedroom Set** | J | 550.00 |
| | | **Children's Television Set** | J | 350.00 |
| | | **Cooking Utensils** | | 150.00 |
| | | **Desktop Computer** | J | 300.00 |
| | | **Dining Room Table/Chairs** | J | 550.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

**IN RE Anaya, Eduardo**
_____
Debtor(s)

Case No. **2:11-bk-19896-RN**
_____
(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | **Family Stereo** | J | 250.00 |
| | | **Living Room Set** | J | 550.00 |
| | | **Living Room Television Set** | J | 500.00 |
| | | **Parents Bedroom Set** | J | 550.00 |
| | | **Pots/Pans** | | 150.00 |
| | | **Refrigerator** | | 350.00 |
| | | **Stove/Oven** | | 300.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Casual Apparel** | J | 550.00 |
| | | **Work Apparel** | J | 400.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE Anaya, Eduardo                                                    Case No. 2:11-bk-19896-RN
                    Debtor(s)                                                        (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **Primary Automobile**<br><br>**Make - Chevrolet**<br>**Model - Silverado 2500**<br>**Year - 2010**<br>**Mileage - 4,387**<br><br>**Recreational Vehicle**<br><br>**Make - Honda**<br>**Model - TRX-450**<br>**Year - 2010**<br>**Mileage - 1,138** | H<br><br><br><br><br>H | 42,395.00<br><br><br><br><br>3,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Anaya, Eduardo**                                              Case No. **2:11-bk-19896-RN**
<div align="center">Debtor(s)</div>                                                          (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 60,932.59 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

___**0**___ continuation sheets attached

B6C (Official Form 6C) (04/10)

IN RE Anaya, Eduardo
_____
Debtor(s)

Case No. 2:11-bk-19896-RN
_____
(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Tax Return for 2010** | CCCP § 703.140(b)(5) | 8,197.00 | 8,197.00 |
| **CampusEdge Checking** | CCCP § 703.140(b)(5) | 46.36 | 46.36 |
| **Bank of America** | | | |
| **Acc. Ending in #4367** | | | |
| **Checking Account** | CCCP § 703.140(b)(5) | 6.00 | 6.00 |
| **Bank of America** | | | |
| **Acc.# Ending in 0049** | | | |
| **MyAccess Checking** | CCCP § 703.140(b)(5) | 8.85 | 8.85 |
| **Bank of America** | | | |
| **Acc. Ending in #2122** | | | |
| **Prima Interest Checking** | CCCP § 703.140(b)(5) | 705.39 | 705.39 |
| **Bank of America** | | | |
| **Acc. ending in #5809** | | | |
| **Regular Savings** | CCCP § 703.140(b)(5) | 5.49 | 5.49 |
| **Bank of America** | | | |
| **Acc. Ending in #6317** | | | |
| **Regular Savings Account** | CCCP § 703.140(b)(5) | 18.50 | 18.50 |
| **Bank of America** | | | |
| **Acc.# Ending 5215** | | | |
| **Children #1 Bedroom Set** | CCCP § 703.140(b)(3) | 550.00 | 550.00 |
| **Children #2 Bedroom Set** | CCCP § 703.140(b)(3) | 550.00 | 550.00 |
| **Children's Television Set** | CCCP § 703.140(b)(3) | 350.00 | 350.00 |
| **Cooking Utensils** | CCCP § 703.140(b)(3) | 150.00 | 150.00 |
| **Desktop Computer** | CCCP § 703.140(b)(3) | 300.00 | 300.00 |
| **Dining Room Table/Chairs** | CCCP § 703.140(b)(3) | 550.00 | 550.00 |
| **Family Stereo** | CCCP § 703.140(b)(3) | 250.00 | 250.00 |
| **Living Room Set** | CCCP § 703.140(b)(3) | 550.00 | 550.00 |
| **Living Room Television Set** | CCCP § 703.140(b)(3) | 500.00 | 500.00 |
| **Parents Bedroom Set** | CCCP § 703.140(b)(3) | 550.00 | 550.00 |
| **Pots/Pans** | CCCP § 703.140(b)(3) | 150.00 | 150.00 |
| **Refrigerator** | CCCP § 703.140(b)(3) | 350.00 | 350.00 |
| **Stove/Oven** | CCCP § 703.140(b)(3) | 300.00 | 300.00 |
| **Casual Apparel** | CCCP § 703.140(b)(3) | 550.00 | 550.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE Anaya, Eduardo _____                                    Case No. **2:11-bk-19896-RN**
                          Debtor(s)                                                              (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **Work Apparel** | **CCCP § 703.140(b)(3)** | 400.00 | 400.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07)

IN RE **Anaya, Eduardo** _____    Case No. **2:11-bk-19896-RN** _____
<br>Debtor(s)    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6762** <br><br>**Ally Financial** <br>**P.O. Box 380901** <br>**Bloomington, MN  55438** | | H | **12/10** <br><br>**Lien on Primary Automobile** <br><br>**Make - Chevrolet** <br>**Model - Silverado 2500** | | | | 54,391.00 | 11,996.00 |
| ACCOUNT NO. | | | **Year - 2010** <br>**Mileage - 4387** <br><br><br>VALUE $      42,395.00 | | | | | |
| ACCOUNT NO. **9130** <br><br>**American Honda Finance** <br>**6261 Katella Ave Ste 1A** <br>**Cypress, CA  90630** | | H | **03/10** <br><br>**Lien on Recreational Vehicle** <br><br>**Make - Honda** <br>**Model - TRX-450** | | | | 4,383.00 | 883.00 |
| ACCOUNT NO. | | | **Year - 2010** <br>**Mileage - 1,138** <br><br><br>VALUE $       3,500.00 | | | | | |

**__1__** continuation sheets attached

| | | |
|---|---|---|
| Subtotal <br>(Total of this page) | $  58,774.00 | $  12,879.00 |
| Total <br>(Use only on last page) | $ | $ |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07) - Cont.

IN RE Anaya, Eduardo                                                         Case No. 2:11-bk-19896-RN
_____                                     _____
                    Debtor(s)                                                       (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7790** <br><br>**BAC Home Loans/Countrywide 450 American St #SV416 Simi Valley, CA 93065** | | J | **03/07**<br><br>**1st on Lien on Primary Residence (Refinance 1st Monies)**<br><br>**Single Family Residence** | | | | 268,585.59 | 9,085.59 |
| ACCOUNT NO. | | | Located at:<br><br>6508 Cedar St.<br>Los Angeles, CA 90255<br><br>VALUE $  259,500.00 | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br>VALUE $ | | | | | |

Sheet no. ___**1**___ of ___**1**___ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | $ 268,585.59 | $ 9,085.59 |
|---|---|---|---|
|  | Total (Use only on last page) | $ 327,359.59 | $ 21,964.59 |

(Report also on Summary of Schedules.)     (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE **Anaya, Eduardo** _____    Case No. **2:11-bk-19896-RN**
<div style="text-align:center">Debtor(s)</div>    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

____ **0** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE **Anaya, Eduardo**                                                          Case No. **2:11-bk-19896-RN**
                    Debtor(s)                                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2313** <br><br>**American Express** <br>**PO Box 981537** <br>**El Paso, TX  79998** | | | **07/04** <br><br>**Credit Card Purchases** | | | | **2,536.00** |
| ACCOUNT NO. **4205** <br><br>**Bank Of America** <br>**PO Box 5170** <br>**Simi Valley, CA  93062** | | H | **05/07** <br><br>**Credit Card Purchases** | | | | **3,431.00** |
| ACCOUNT NO. **7461** <br><br>**Bank Of America** <br>**PO Box 5170** <br>**Simi Valley, CA  93062** | | H | **09/05** <br><br>**Credit Card Purchases** | | | | **2,706.00** |
| ACCOUNT NO. **3444** <br><br>**Bank Of America** <br>**PO Box 5170** <br>**Simi Valley, CA  93062** | | H | **07/05** <br><br>**Credit Card Purchases** | | | | **1,538.99** |

__**2**__ continuation sheets attached

Subtotal
(Total of this page)   $ **10,211.99**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)   $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Anaya, Eduardo _____            Case No. 2:11-bk-19896-RN
_____
Debtor(s)                                                          (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9406<br>**Bank Of America**<br>**PO Box 5170**<br>**Simi Valley, CA  93062** | | H | 05/08<br><br>Credit Card Purchases | | | | 893.00 |
| ACCOUNT NO. 5003<br>**Barclay's Bank Delaware**<br>**125 S West St.**<br>**Wilmington, DE  19801** | | H | 06/08<br><br>Credit Card Purchases | | | | 3,789.00 |
| ACCOUNT NO. 4081<br>**Best Buy**<br>**PO Box 15524**<br>**Wilmington, DE  19850** | | H | 12/05<br><br>Credit Card Purchases | | | | 2,484.00 |
| ACCOUNT NO. 9255<br>**Capital One**<br>**PO Box 30281**<br>**Salt Lake City, UT  84130** | | H | 12/10<br><br>Credit Card Purchases | | | | 3.00 |
| ACCOUNT NO. 2401<br>**Chase**<br>**PO Box 3115**<br>**Milwuakee, WI  53201** | | H | 08/08<br><br>Credit Card Purchases | | | | 1,758.00 |
| ACCOUNT NO. 4057<br>**Chevron**<br>**PO Box 530950**<br>**Atlanta, GA  30353** | | H | 08/05<br><br>Credit Card Purchases | | | | 1,268.00 |
| ACCOUNT NO. 5163<br>**Citi**<br>**PO Box 6286**<br>**Sioux Falls, SD  57117** | | H | 11/08<br><br>Credit Card Purchases | | | | 304.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Sheet no. __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | $ 10,499.00 |
|---|---|---|
| | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Anaya, Eduardo**                                      Case No. **2:11-bk-19896-RN**
            Debtor(s)                                                     (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **8420** <br><br> **GEMB/GAP** <br> P.O. Box 981400 <br> El Paso, TX  79998 | | H | 12/08 <br><br> Credit Card Purchases | | | | 173.00 |
| ACCOUNT NO. **3184** <br><br> **Hunter Warfield** <br> P.O. Box 41309 <br> Nashville, TN  37204 | | | 11/13/10 <br><br> Collections for Credit Card Purchase | | | | 6,381.27 |
| ACCOUNT NO. <br><br> **Chevron** <br> PO Box 530950 <br> Atlanta, GA  30353 | | | Assignee or other notification for: <br> Hunter Warfield | | | | |
| ACCOUNT NO. **1533** <br><br> **Macys** <br> Bankruptcy Notice <br> PO Box 8053 <br> Mason, OH  45040 | | H | 01/09 <br><br> Credit Card Purchases | | | | 254.00 |
| ACCOUNT NO. **9862** <br><br> **The Home Depot** <br> 2455 Paces Farry Road <br> Atlanta, GA  30339 | | H | 09/05 <br><br> Credit Card Purchases | | | | 1,324.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **8,132.27**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ **28,843.26**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE Anaya, Eduardo _____    Case No. **2:11-bk-19896-RN**
                                        Debtor(s)                                                              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE __Anaya, Eduardo__ _____   Case No. __2:11-bk-19896-RN__
                              Debtor(s)                                      (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

**IN RE** Anaya, Eduardo _____    Case No. **2:11-bk-19896-RN** _____
<div style="text-align:center">Debtor(s)</div>                                                                (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Single** | RELATIONSHIP(S): | | AGE(S): |
| | **Son** | | **4** |
| | **Son** | | **2** |
| | **Daughter** | | **4** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Mechanic** | |
| Name of Employer | **Fast Pass Inc.** | |
| How long employed | **5 years** | |
| Address of Employer | **11840 Woodruff Ave.** | |
| | **Downey, CA  90241** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | 2,166.67 | $ |
| 2. Estimated monthly overtime | $ | | $ |
| **3. SUBTOTAL** | $ | 2,166.67 | $  0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | 331.89 | $ |
| b. Insurance | $ | | $ |
| c. Union dues | $ | | $ |
| d. Other (specify)  **CA Disability** | $ | 24.35 | $ |
| | $ | | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 356.24 | $  0.00 |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | 1,810.43 | $  0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| 8. Income from real property | $ | | $ |
| 9. Interest and dividends | $ | | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| 11. Social Security or other government assistance | | | |
| (Specify) _____ | $ | | $ |
| | $ | | $ |
| 12. Pension or retirement income | $ | | $ |
| 13. Other monthly income | | | |
| (Specify) **Life Partner Contribution** | $ | 2,000.00 | $ |
| | $ | | $ |
| | $ | | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | 2,000.00 | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | 3,810.43 | $  0.00 |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

| | |
|---|---|
| $ | 3,810.43 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE <u>Anaya, Eduardo</u>          Case No. <u>2:11-bk-19896-RN</u>
<div align="center">Debtor(s)                  (If known)</div>

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,938.81 |
|     a. Are real estate taxes included?    Yes ✓  No ____ | | |
|     b. Is property insurance included?    Yes ✓  No ____ | | |
| 2. Utilities: | | |
|     a. Electricity and heating fuel | $ | 80.00 |
|     b. Water and sewer | $ | 60.00 |
|     c. Telephone | $ | 55.00 |
|     d. Other _____ | $ | |
| | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | |
| 4. Food | $ | 350.00 |
| 5. Clothing | $ | 25.00 |
| 6. Laundry and dry cleaning | $ | 20.00 |
| 7. Medical and dental expenses | $ | |
| 8. Transportation (not including car payments) | $ | 125.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | |
| 10. Charitable contributions | $ | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | |
|     b. Life | $ | |
|     c. Health | $ | |
|     d. Auto | $ | 110.00 |
|     e. Other _____ | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|     (Specify) _____ | $ | |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 906.00 |
|     b. Other **Recreational Vehicle** | $ | 145.00 |
| | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other **DMV Tags** | $ | 35.00 |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.    $   **3,849.81**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ | 3,810.43 |
|     b. Average monthly expenses from Line 18 above | $ | 3,849.81 |
|     c. Monthly net income (a. minus b.) | $ | -39.38 |

<div style="writing-mode: vertical-lr">© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

B6 Declaration (Official Form 6 - Declaration) (12

IN RE Anaya, Eduardo _____    Case No. 2:11-bk-19896-RN _____
                                   Debtor(s)                                                      (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ 19 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _3-21-11_____    Signature: _____
                                             **Eduardo Anaya**                                          Debtor

Date: _____    Signature: _____
                                                                                              (Joint Debtor, if any)
                                                                    [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____    Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/10)

### United States Bankruptcy Court
### Central District of California

**IN RE:**

Case No. **2:11-bk-19896-RN**

**Anaya, Eduardo**

Chapter **7**

<div style="text-align:center">Debtor(s)</div>

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 3,500.00 | 2011 YTD |
| 25,500.00 | 2010 Federal Gross Income |
| 25,500.00 | 2009 Federal Gross Income |
| 7,598.00 | 2008 Federal Gross Income |
| 27,699.00 | 2007 Federal Gross Income |
| 27,860.00 | 2006 Federal Gross Income |

**2. Income other than from employment or operation of business**

None ☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*  * Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Richard J. Rosiak & Associates** **Attorney At Law** 10913 La Reina Ave. Suite C Downey, CA  90241 | 02/28/11 | 1,600.00 |
| **Retainer Chp.7 Services** | | |
| **Credit Advisors Foundation** YourBankruptcyPartner.Com 1818 South 72nd St. Omaha, NE  68124 | 02/18/11 | 50.00 |
| **Pre-Filing Bankruptcy Class** | | |

**10. Other transfers**

None ☑    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑    List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑    If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

| None | |
|---|---|
| ☑ | a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law. |

| None | |
|---|---|
| ☑ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |

| None | |
|---|---|
| ☑ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |

**18. Nature, location and name of business**

| None | |
|---|---|
| ☐ | a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case. |

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Fast Pass Inc. | 20-2835424 | 11840 Woodruff Ave. Downey, CA  90241 | Smog Inspection | 2006 - Current |
| Anaya Trucking | 20-2835424 | 11840 Woodruff Ave. Downey, CA  90241 | Debris Haulers | 2006 - Current |

| None | |
|---|---|
| ☑ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| A-1 Accounting And Tax Service<br>8562 Florence Ave. Suite B<br>Downey, CA  90240 | 06/15/10 |

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of the case by the debtor.

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
| --- | --- | --- |
| Eduardo Anaya<br>6508 Cedar Street<br>Huntington Park, CA  90255 | President | |
| Anabel Anaya<br>11840 Woodruff Ave.<br>Downey, CA  90241 | Secretary | |

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

**25. Pension Funds.**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: __3-21-11__    Signature _____
of Debtor                                                    **Eduardo Anaya**

Date: _____    Signature _____
of Joint Debtor
(if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Central District of California**

IN RE:

Case No. **2:11-bk-19896-RN**

Anaya, Eduardo

Chapter **7**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,600.00**

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,600.00**

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**

2.  The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

3-21-11
Date

*Richard J. Rosiak*
Richard J. Rosiak & Associates 14130

10913 La Reina Ave. Suite C
Downey, CA 90241
(562) 622-6000

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Central District of California**

IN RE:                                                    Case No. **2:11-bk-19896-RN**

Anaya, Eduardo                                            Chapter **7**
<center>Debtor(s)</center>

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned case.

2. On (*specify date*) __2/28/2011__, I agreed with the Debtor that for a fee of $ __1,600.00__, I would provide only the following services:

   a. ✔ Prepare and file the Petition and Schedules

   b. ✔ Represent the Debtor at the 341(a) Hearing

   c. ___ Represent the Debtor in any relief from stay actions

   d. ___ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

   e. ___ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

   f. ___ Other (specify):

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth below.

Dated: 3-21-11                    Law Firm: **Richard J Rosiak & Associates**
                                             **10913 La Reina Ave. Suite C**
                                             **Downey, CA 90241**

I HEREBY APPROVE THE ABOVE:

                                  By: *Richard J. Rosiak*

_____           Name: **Richard J. Rosiak**
Signature of Debtor(s)                   Attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

February 2006                                                                2006 USBC Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | CHAPTER: **7** |
|---|---|
| **Anaya, Eduardo** | |
| Debtor(s). | CASE NO.: **2:11-bk-19896-RN** |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I, **Anaya, Eduardo** _____, the debtor in this case, declare under penalty
　　*(Print Name of Debtor)*
of perjury under the laws of the United States of America that:

[■] I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

[ ] I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
no payment from any other employer.

[ ] I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____, the debtor in this case, declare under penalty
　　*(Print Name of Joint Debtor, if any)*
of perjury under the laws of the United States of America that:

[ ] I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
60-day period prior to the date of the filing of my bankruptcy petition.
*(NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.)*

[ ] I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
no payment from any other employer.

[ ] I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date: __3-21-11__    Signature _____

_____
Debtor

Date: _____    Signature _____

_____
Joint Debtor (if any)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

12:18 PM

02/19/11

## Anaya's Trucking
## Payroll Summary
### August 1, 2010 through February 19, 2011

|  | Eduardo Anaya | | | | | |
|---|---|---|---|---|---|---|
|  | Hours | Rate | Aug 1, '... | Hours | Rate | Aug 1, '... |
| **Employee Wages, Taxes and Adjustments** | | | | | | |
| Gross Pay | | | | | | |
| Salary | 29 | 500.00 | 14,500.00 | 29 | 500.00 | 14,500.00 |
| Total Gross Pay | 29 | | 14,500.00 | 29 | | 14,500.00 |
| Adjusted Gross Pay | 29 | | 14,500.00 | 29 | | 14,500.00 |
| Taxes Withheld | | | | | | |
| Federal Withholding | | | -977.00 | | | -1,593.00 |
| Medicare Employee | | | -210.25 | | | -210.25 |
| Social Security Employee | | | -829.00 | | | -829.00 |
| CA - Withholding | | | -204.71 | | | -325.34 |
| CA - Disability Employee | | | -163.00 | | | -163.00 |
| Total Taxes Withheld | | | -2,383.96 | | | -3,120.59 |
| Net Pay | 29 | | 12,116.04 | 29 | | 11,379.41 |
| **Employer Taxes and Contributions** | | | | | | |
| Federal Unemployment | | | 28.00 | | | 28.00 |
| Medicare Company | | | 210.25 | | | 210.25 |
| Social Security Company | | | 899.00 | | | 899.00 |
| CA - Unemployment Company | | | 164.50 | | | 164.50 |
| CA - Employment Training Tax | | | 3.50 | | | 3.50 |
| Total Employer Taxes and Contributions | | | 1,305.25 | | | 1,305.25 |

Page 1

12:16 PM

02/19/11

**Anaya's Trucking**
# Payroll Transactions by Payee
### August 1, 2010 through February 19, 2011

| Date | Name | Num | Type | Memo | Account | Amount |
|------|------|-----|------|------|---------|--------|
| **Employment Development Dept.** | | | | | | |
| ~~8/13/2010~~ | ~~Employment Develo...~~ | 2609 | Liability Check | ~~249-5492 7 Dill...~~ | ~~Anaya's Trucking C...~~ | |
| ~~8/16/2010~~ | | 2796 | Liability Check | 229-5492 1 | ~~Anaya's Trucking C...~~ | |
| ~~11/4/2010~~ | ~~Employment Dept.~~ | | Liability Check | 229-5492 1 Dill... | ~~Anaya's Trucking C...~~ | |
| **Total Employment Development Dept.** | | | | | | -538.38 |
| **Internal Revenue Service** | | | | | | |
| ~~8/16/2010~~ | | EFTPS | Liability Check | ~~20-2000424 ...~~ | ~~Anaya's Trucking C...~~ | |
| ~~8/24/2010~~ | ~~Internal Revenue S...~~ | EFTPS | Liability Check | 20-2835424 | Anaya's Trucking C... | |
| ~~11/7/2010~~ | ~~Internal Revenue S...~~ | | Liability Check | 20-2835424 ... | Anaya's Trucking C... | -4,400.00 |
| ~~1/1/2011~~ | ~~Internal Revenue S...~~ | | Liability Check | 20-2835424 | Anaya's Trucking C... | -368.00 |
| **Total Internal Revenue Service** | | | | | | -6,498.00 |
| **Eduardo Anaya** | | | | | | |
| 8/6/2010 | Eduardo Anaya | 2089 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 8/13/2010 | Eduardo Anaya | 2605 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 8/20/2010 | Eduardo Anaya | 2619 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 8/27/2010 | Eduardo Anaya | 2648 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 9/3/2010 | Eduardo Anaya | 2674 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 9/10/2010 | Eduardo Anaya | 2713 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 9/17/2010 | Eduardo Anaya | 2714 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 9/24/2010 | Eduardo Anaya | 2715 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 10/1/2010 | Eduardo Anaya | 2743 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 10/8/2010 | Eduardo Anaya | 2762 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 10/15/2010 | Eduardo Anaya | 2770 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 10/22/2010 | Eduardo Anaya | 2785 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 10/29/2010 | Eduardo Anaya | 2806 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 11/5/2010 | Eduardo Anaya | 2835 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 11/12/2010 | Eduardo Anaya | 2847 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 11/19/2010 | Eduardo Anaya | 2866 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 11/26/2010 | Eduardo Anaya | 2871 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 12/3/2010 | Eduardo Anaya | 2886 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 12/10/2010 | Eduardo Anaya | 2900 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 12/17/2010 | Eduardo Anaya | 2911 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 12/24/2010 | Eduardo Anaya | 2935 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 12/31/2010 | Eduardo Anaya | 2939 | Paycheck | | Anaya's Trucking C... | -416.87 |
| 1/7/2011 | Eduardo Anaya | 2966 | Paycheck | | Anaya's Trucking C... | -420.70 |
| 1/14/2011 | Eduardo Anaya | 2983 | Paycheck | | Anaya's Trucking C... | -420.70 |
| 1/21/2011 | Eduardo Anaya | 2999 | Paycheck | | Anaya's Trucking C... | -420.70 |
| 1/28/2011 | Eduardo Anaya | 3020 | Paycheck | | Anaya's Trucking C... | -420.70 |
| 2/4/2011 | Eduardo Anaya | 3046 | Paycheck | | Anaya's Trucking C... | -420.70 |
| 2/11/2011 | Eduardo Anaya | 3054 | Paycheck | | Anaya's Trucking C... | -420.70 |
| 2/18/2011 | Eduardo Anaya | 3058 | Paycheck | | Anaya's Trucking C... | -420.70 |
| **Total Eduardo Anaya** | | | | | | -12,116.04 |

*Handwritten annotation in left margin:* PAY 6 MTHS.

*(Remaining rows redacted)*

This is a statement of earnings and deductions. This pay statement is non-negotiable. **✳ CONTRIBUTOR PROOF OF INCOME ✳**

 **ULTIPRO®**

Staffmark Investment, LLC
435 Elm Street
Suite 200 (STM)
Cincinnati, OH 45202

**Pay statement**
**Period start date** 01/23/2011
**Period end date** 02/05/2011
**Pay date** 02/11/2011
**Document** 218280
**Net pay** $1,120.26

## Pay details

Carmen Arias
1235 W. 41ST STREET
LOS ANGELES, CA 90037
USA

| | |
|---|---|
| **Employee number** | 000031467 |
| **SSN** | xxx-xx-9481 |
| **Job** | Sr. Account Manager |
| **Pay rate** | $18.91 |
| **Pay frequency** | Biweekly |

| | |
|---|---|
| **Pay group** | Staffmark Investment LLC |
| **Location** | Maywood CA |
| **Dept - CBS** | 5080 - Maywood CA |
| **Org** | WST040 - Los Angeles |
| **Level 2** | |
| **Legal Entity** | STM - STAFFMARK INVESTMENT |

| | |
|---|---|
| **Federal income tax** | S 2 |
| **State income tax (residence)** | S 2 |
| **State income tax (work)** | S 2 |

## Earnings

| Pay type | Hours | Pay rate | Current | YTD |
|---|---|---|---|---|
| Bonus | 0.0000 | $0.00 | $177.06 | $177.06 |
| Holiday | 0.0000 | $0.00 | $0.00 | $151.27 |
| Personal PTO | 8.0000 | $0.00 | $151.27 | $302.54 |
| Regular | 72.0000 | $0.00 | $1,361.43 | $4,084.29 |
| **Total hours** | 80.0000 | | | |

## Deductions

| | | Employee | |
|---|---|---|---|
| **Deduction** | **Pre-tax** | **Current** | **YTD** |
| 401-K PCA | Yes | $101.39 | $282.91 |
| Child Term Life | No | $0.22 | $0.66 |
| Dental Pre-Tax | Yes | $12.25 | $36.75 |
| Long Term Disab | No | $4.40 | $13.20 |
| PPO Stnd Well | Yes | $162.00 | $486.00 |
| Short Term Dis | No | $2.72 | $8.16 |
| Supplemental Em | No | $4.58 | $13.74 |
| Vision Pre-Tax | Yes | $1.94 | $5.82 |

## Taxes

| Taxes | Current | YTD |
|---|---|---|
| CA Disability Employee | $18.16 | $50.24 |
| CA State Income Tax | $35.65 | $84.97 |
| Employee Medicare | $21.95 | $60.71 |
| Federal Income Tax | $140.67 | $372.09 |
| Social Security Employee Tax | $63.57 | $175.84 |

## Paid time off

## Net pay distribution

| Plan | Current | Balance | Account number | Acc | ount type | Amount |
|------|---------|---------|----------------|-----|-----------|--------|
| Personal Time | 2.4620 | -3.6900 | xxxx0410 | | Savings | $200.00 |
| Vacation | 4.6200 | 63.0959 | xxxxxx2438 | | Checking | $920.26 |
| | | | Total | | | $1,120.26 |

## Pay summary

| | Gross | FIT taxable wages | Taxes | Deductions | Net pay |
|------|-------|-------------------|-------|------------|---------|
| **Current** | $1,689.76 | $1,412.18 | $280.00 | $289.50 | $1,120.26 |
| **YTD** | $4,715.16 | $3,903.68 | $743.85 | $847.24 | $3,124.07 |

*Originally printed in English*



# Lawyers Title
## INSURANCE CORPORATION

| | |
|---|---|
| **Primary Owner:** | ANAYA, TRINIDAD AND ANAYA, EDUARDO |
| **Secondary Owner:** | |
| **Mail Address:** | 6514 CEDAR ST |
| | HUNTINGTON PARK CA 90255 |
| **Site Address:** | 6508 CEDAR ST |
| | HUNTINGTON PARK CA 90255 |
| **County:** | LOS ANGELES |
| **Assessor Parcel Number:** | 6323-014-025 |
| **Housing Tract Number:** | 5311 |
| **Lot Number:** | 101 |
| **Page Grid:** | 675-A6 |
| **Legal Description:** | Lot: 101  Tract No: 5311  Abbreviated Description: LOT:101 CITY:REGION/CLUSTER: 12/12411 TR#:5311 TRACT # 5311 LOT 101 City/Muni/Twp: REGION/CLUSTER: 12/12411 |

*✳ PRIMARY RESIDENCE ✳*

## Property Characteristics

| | | |
|---|---|---|
| Bedrooms : 2 | Year Built : 1927 | Square Feet : 1,540 SF |
| Bathrooms : 2 | Garage : | Lot Size : 6,116 SF / 0.14 AC |
| Total Rooms : | Fireplace : | Number of Units : 2 |
| Zoning : HPR1YY | Pool : | Use Code : Duplex (2 units, any combination) |
| No of Stories : | | |
| Building Style : | | |

## Sale Information

| | | |
|---|---|---|
| Transfer Date : 01/30/2006 | Seller : ANAYA, LUIS DIAZ; ANAYA, TRINIDAD | |
| Transfer Value : N/A | Document # : 06-0214337 | Cost/Sq Feet : N/A |
| Title Company : CALIFORNIA COUNTIES TITLE CO | | |

## Assessment & Tax Information

| | | |
|---|---|---|
| Assessed Value : $204,002 | Percent Improvement : 53.66% | Homeowner Exemption : |
| Land Value : $94,543 | Tax Amount : $3,505.66 | Tax Rate Area : 0-588 |
| Improvement Value : $109,459 | Tax Account ID : | Tax Status : Current |
| Market Improvement Value : | Market Land Value : | Market Value : |
| Tax Year : 2010 | | |

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011 TitleProfile.com  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title - Orange**



# Subject Property History

**ANAYA, TRINIDAD AND ANAYA, EDUARDO**
**6508 CEDAR ST, HUNTINGTON PARK 90255-5236**
**APN: 6323-014-025   LOS ANGELES COUNTY**

### Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 12/27/2007 | Document # | <u>07-2836943 BK-PG -</u> |
| Loan Amount | $310,000 | Loan Type | Unknown |
| TD Due Date | 04/01/2022 | Type of Financing | |
| Interest Rate | | | |
| Lender Name | BANK OF AMERICA NA | | |
| Lender Type | Bank | | |
| Borrowers Name | ANAYA,TRINIDAD R; ANAYA,EDUARDO | | |
| Vesting | | | |

**Legal Description**
Lot: 101  Tract No: 5311

### Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 01/30/2006 | Document # | <u>06-0214339 BK-PG -</u> |
| Loan Amount | $138,000 | Loan Type | Credit Line (Revolving) |
| TD Due Date | | Type of Financing | VAR |
| Interest Rate | | | |
| Lender Name | BANK OF AMERICA NA | | |
| Lender Type | Bank | | |
| Borrowers Name | ANAYA,EDUARDO; ANAYA,TRINIDAD R | | |
| Vesting | | | |

**Legal Description**
Lot: 101  Tract No: 5311
City/Muni/Twp: HUNTINGTON PARK

### Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 01/30/2006 | Document # | <u>06-0214338 BK-PG -</u> |
| Loan Amount | $129,000 | Loan Type | Unknown |
| TD Due Date | 02/01/2021 | Type of Financing | |
| Interest Rate | | | |
| Lender Name | BANK OF AMERICA NA | | |
| Lender Type | Bank | | |
| Borrowers Name | ANAYA,EDUARDO; ANAYA,TRINIDAD R | | |
| Vesting | | | |

**Legal Description**
Lot: 101  Tract No: 5311
City/Muni/Twp: HUNTINGTON PARK

### Prior Transfer

| | | | |
|---|---|---|---|
| Recording Date | 01/30/2006 | Document # | <u>06-0214337 BK-PG -</u> |
| Price | N/A | Document Type | Aff Death JT |
| First TD | N/A | Type of Sale | Non-Arms Length Transfer |

| Mortgage Doc # | Interest Rate |
|---|---|

**Lender Name**

Buyer Name          ANAYA, TRINIDAD; ANAYA, EDUARDO

Buyer Vesting       Joint Tenancy

Seller Name         ANAYA, LUIS DIAZ; ANAYA, TRINIDAD; ANAYA SR, LUIS; ANAYA, EDUARDO

**Legal Description**

Lot: 101  Tract No: 5311  Map Ref: MB56 PG69&70

City/Muni/Twp: HUNTINGTON PARK

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011 TitleProfile.com  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title – Orange**



# Comparable Sales Data

**ANAYA, TRINIDAD AND ANAYA, EDUARDO**
**6508 CEDAR ST, HUNTINGTON PARK 90255-5236**
**APN: 6323-014-025   LOS ANGELES COUNTY**

## Comparable Sales Data

| No. | Address | Date | Price | $/SF | Bid/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|-----|---------|------|-------|------|----------|-----------|----|----------|------|---------|
| | **Subject Property** | 01/30/2006 | N/A | N/A | 1,540 | /2/2 | 1927 | 6,116 SF | | |
| 1 ☑ | 6808 HOLLENBECK ST | 02/08/2011 | $230,000 | $196 | 1,168 | /3/2 | 1947 | 6,129 SF | | .40MI. |
| 2 ☑ | 6212 ARBUTUS AVE | 12/30/2010 | $235,000 | $139 | 1,688 | /3/2 | 1926 | 6,116 SF | | .29MI. |
| 3 ☑ | 6310 GENTRY ST | 11/24/2010 | $317,000 | $155 | 2,042 | /3/2 | 1942 | | | .35MI. |
| 4 ☑ | 3281 E GAGE AVE | 11/02/2010 | $149,000 | $134 | 1,104 | /2/2 | 1941 | 2,688 SF | | .33MI. |
| 5 ☑ | 3053 RANDOLPH ST # A | 07/28/2010 | $265,000 | $194 | 1,364 | /4/2 | 1924 | 579 SF | | .35MI. |
| 6 ☑ | 6909 TEMPLETON ST | 07/23/2010 | $234,500 | $122 | 1,920 | /4/2 | 1916 | 7,497 SF | | .46MI. |
| 7 ☑ | 6612 BENSON ST | 07/21/2010 | $245,000 | $138 | 1,771 | /3/2 | 1939 | 5,624 SF | | .13MI. |
| 8 ☑ | 6703 BENSON ST | 06/29/2010 | $236,500 | $146 | 1,615 | /4/2 | 1929 | 5,624 SF | | .13MI. |
| 9 ☑ | 6330 STATE ST | 04/19/2010 | $225,000 | $136 | 1,651 | /3/2 | 1940 | 5,197 SF | | .14MI. |
| 10 ☑ | 7020 STATE ST | 12/18/2009 | $208,000 | $147 | 1,412 | /3/2 | 1951 | 6,578 SF | | .34MI. |
| 11 ☑ | 6340 MILES AVE | 12/18/2009 | $220,000 | $178 | 1,234 | /2/2 | 1921 | 5,824 SF | | .36MI. |
| 12 ☑ | 6324 NEWELL ST | 10/30/2009 | $195,000 | $132 | 1,470 | /3/2 | 1927 | 5,358 SF | | .32MI. |
| 13 ☑ | 6727 HOOD AVE | 08/31/2009 | $245,000 | $130 | 1,879 | /4/2 | 1936 | 5,624 SF | | .25MI. |
| 14 ☑ | 6813 NEWELL ST | 08/19/2009 | $360,000 | $197 | 1,824 | /4/2 | 1929 | 6,186 SF | | .32MI. |

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title - Orange**

## Comparable Sales Data

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| **Subject Property** | 01/30/2006 | N/A | N/A | 1,540 | /2/2 | 1927 | 6,116 SF | | |
| 1 **6808 HOLLENBECK ST** HUNTINGTON PARK, CA 90255-5520 | 02/08/2011 | $230,000 | $196 | 1,168 | /3/2 | 1947 | 6,129 SF | | .40MI. |

APN: 6324-035-044  Document #: 11-0211351  Document Type:Grant Deed  Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:94 Tract No:5408 MapRef:MP58 PG27&28 Abbreviated Description:Lot:94 Tract No:5408 Map Ref:MP58 PG27&28City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: ORANTES, PABLO A ORANTES, GLORIA NOEMI

Seller Name: ROCHA, GUSTAVO

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2 **6212 ARBUTUS AVE** HUNTINGTON PARK, CA 90255-4407 | 12/30/2010 | $235,000 | $139 | 1,688 | /3/2 | 1926 | 6,116 SF | | .29MI. |

APN: 6319-007-041  Document #: 10-1938541  Document Type:Grant Deed  Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:35&36 Block:8 Tract No:3158 MapRef:MB33 PG28 Abbreviated Description:Lot:35&36 Block:8 Tract No:3158 Map Ref:MB33 PG28

Buyer Name: CUZUL, PEDRO ALFREDO DE CUZUL, IRMA ELENA

Seller Name: FEDERAL HOME LOAN MORTGAGE CORPORATION

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3 **6310 GENTRY ST** HUNTINGTON PARK, CA 90255-4423 | 11/24/2010 | $317,000 | $155 | 2,042 | /3/2 | 1942 | | | .35MI. |

APN: 6319-003-030  Document #: 10-1715403  Document Type:Grant Deed  Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:1 Block:6 Subdivision:C S MILES ADDITION TO HUNTINGTON PARK MapRef:MB5 PG161 Abbreviated Description:Lot:1 Block:6 Subdivision:C S MILES ADDITION TO HUNTINGTON PARK Map Ref:MB5 PG161

Buyer Name: TORRES, GERARDO L TOVAR, CELIA

Seller Name: WALL, MARY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 4 **3281 E GAGE AVE** HUNTINGTON PARK, CA 90255-5443 | 11/02/2010 | $149,000 | $134 | 1,104 | /2/2 | 1941 | 2,688 SF | | .33MI. |

APN: 6319-018-016  Document #: 10-1569352  Document Type:Grant Deed  Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:248 Tract No:5682 MapRef:MB61 PG63&64 Abbreviated Description:Lot:248 Tract No:5682 Map Ref:MB61 PG63&64City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: MGJ DEVELOPMENTS INC

Seller Name: FEDERAL NATIONAL MORTGAGE ASSOCIATION STEWART TITLE COMPANY

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5 **3063 RANDOLPH ST # A** HUNTINGTON PARK, CA 90255-3132 | 07/28/2010 | $265,000 | $194 | 1,364 | /4/2 | 1924 | 579 SF | | .35MI. |

APN: 6310-025-047  Document #: 10-1035790  Document Type:Grant Deed  Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:14 Block:7 Tract No:3158 MapRef:MB33 PG28 Abbreviated Description:Lot:14 Block:7 Tract No:3158 Map Ref:MB33 PG28City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: LEON, JOSE

Seller Name: PRECIADO, SYLVIA

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title - Orange**

## Comparable Sales Data

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| **6  6909 TEMPLETON ST** HUNTINGTON PARK, CA 90255-5003 | 07/23/2010 | $234,500 | $122 | 1,920 | /4/2 | 1916 | 7,497 SF | | .46MI. |

APN: 6322-028-015 Document #: 10-1010521 Document Type:Grant Deed Price Code: F
Land Use: Duplex (2 units, any combination)
Legal: Lot:23 Block:62 Subdivision:THIRD ADDITION TO HUNTINGTON PARK MapRef:MB9 PG153 Abbreviated
Description:Lot:23 Block:62 Subdivision:THIRD ADDITION TO HUNTINGTON PARK Map Ref:MB9 PG153
Buyer Name: CASTILLO, FRANK
Seller Name: FEDERAL HOME LOAN MORTGAGE CORPORATION

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| **7  6512 BENSON ST** HUNTINGTON PARK, CA 90255-5305 | 07/21/2010 | $245,000 | $138 | 1,771 | /3/2 | 1939 | 5,624 SF | | .13MI. |

APN: 6323-029-010 Document #: 10-0997760 Document Type:Grant Deed Price Code: F
Land Use: Duplex (2 units, any combination)
Legal: Lot:45 Tract No:5389 MapRef:MB56 PG71&72 Abbreviated Description:Lot:45 Tract No:5389 Map Ref:MB56
PG71&72City/Muni/Twp:HUNTINGTON PARK City/Muni/Twp:HUNTINGTON PARK
Buyer Name: JIMENEZ, DAVID JIMENEZ, ANTONIO
Seller Name: HSBC BANK USA NATIONAL ASSOCIATION

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| **8  6703 BENSON ST** HUNTINGTON PARK, CA 90255-5308 | 06/29/2010 | $236,500 | $146 | 1,615 | /4/2 | 1929 | 5,624 SF | | .13MI. |

APN: 6323-023-001 Document #: 10-0889545 Document Type:Grant Deed Price Code: F
Land Use: Duplex (2 units, any combination)
Legal: Lot:163 Tract No:5389 MapRef:MB56 PG71&72 Abbreviated Description:Lot:163 Tract No:5389 Map Ref:MB56
PG71&72City/Muni/Twp:HUNTINGTON PARK City/Muni/Twp:HUNTINGTON PARK
Buyer Name: NEJAD, RAY R KESHMIRI, SIMA
Seller Name: FEDERAL HOME LOAN MORTGAGE CORPORATION

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| **9  6330 STATE ST** HUNTINGTON PARK, CA 90255-4405 | 04/19/2010 | $225,000 | $136 | 1,651 | /3/2 | 1940 | 5,197 SF | | .14MI. |

APN: 6319-010-007 Document #: 10-0527526 Document Type:Grant Deed Price Code: F
Land Use: Duplex (2 units, any combination)
Legal: Lot:22 Subdivision:HUNTINGTON PARK Tract No:5682 MapRef:MB61 PG63&64 Abbreviated Description:Lot:22
Subdivision:HUNTINGTON PARK Tract No:5682 Map Ref:MB61 PG63&64
Buyer Name: DEAN, GARY DANIEL
Seller Name: DEUTSCHE BANK NATIONAL TRUST COMPANY

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| **10  7020 STATE ST** HUNTINGTON PARK, CA 90255-5335 | 12/18/2009 | $208,000 | $147 | 1,412 | /3/2 | 1951 | 6,578 SF | | .34MI. |

APN: 6323-022-009 Document #: 09-1936229 Document Type:Grant Deed Price Code: F
Land Use: Duplex (2 units, any combination)
Legal: Lot:282&283 Tract No:5495 MapRef:MB59 PG58&59 Abbreviated Description:Lot:282&283 Tract No:5495 Map Ref:MB59
PG58&59City/Muni/Twp:HUNTINGTON PARK City/Muni/Twp:HUNTINGTON PARK
Buyer Name: GUERRERO, EMILIO
Seller Name: ROSE, TAMARA LEE

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title - Orange**

## Comparable Sales Data

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| 11 **6340 MILES AVE** | 12/18/2009 | $220,000 | $178 | 1,234 | /2/2 | 1921 | 5,824 SF | | .36MI. |

**HUNTINGTON PARK, CA 90255-4314**

APN: 6319-002-011 Document #: 09-1927159 Document Type:Grant Deed Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:11 Block:7 Subdivision:C S MILES ADDITION TO HUNTINGTON PARK MapRef:MB5 PG161 Abbreviated Description:Lot:11 Block:7 Subdivision:C S MILES ADDITION TO HUNTINGTON PARK Map Ref:MB5 PG161City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: CASTILLO, NELSON CASTILLO, SANDRA

Seller Name: ESCATEL, MARTIN GONZALEZ GONZALEZ, LUCRECIA

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| 12 **6324 NEWELL ST** | 10/30/2009 | $195,000 | $132 | 1,470 | /3/2 | 1927 | 5,358 SF | | .32MI. |

**HUNTINGTON PARK, CA 90255-4535**

APN: 6319-018-003 Document #: 09-1645040 Document Type:Grant Deed Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:235 Tract No:5682 MapRef:MB61 PG63&64 Abbreviated Description:Lot:235 Tract No:5682 Map Ref:MB61 PG63&64City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: RUIZ, DAVID E

Seller Name: FEDERAL NATIONAL MORTGAGE ASSOCIATION FANNIE MAE

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| 13 **6727 HOOD AVE** | 08/31/2009 | $245,000 | $130 | 1,879 | /4/2 | 1936 | 5,624 SF | | .25MI. |

**HUNTINGTON PARK, CA 90255-5412**

APN: 6323-011-027 Document #: 09-1332054 Document Type:Grant Deed Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:108 Tract No:5389 MapRef:MB56 PG71&72 Abbreviated Description:Lot:108 Tract No:5389 Map Ref:MB56 PG71&72City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: HERNANDEZ, MARCELA

Seller Name: PEREZ, SANDRA HERNANDEZ, SANDRA

| No. Address | Date | Price | $/SF | Bld/Area | RM/BR/Bth | YB | Lot Area | Pool | Proxim. |
|---|---|---|---|---|---|---|---|---|---|
| 14 **6813 NEWELL ST** | 08/19/2009 | $360,000 | $197 | 1,824 | /4/2 | 1929 | 6,186 SF | | .32MI. |

**HUNTINGTON PARK, CA 90255-5430**

APN: 6323-012-052 Document #: 09-1275611 Document Type:Grant Deed Price Code: F

Land Use: Duplex (2 units, any combination)

Legal: Lot:142 Tract No:5408 MapRef:MB58 PG28 Abbreviated Description:Lot:142 Tract No:5408 Map Ref:MB58 PG28City/Muni/Twp:HUNTINGTON PARK  City/Muni/Twp:HUNTINGTON PARK

Buyer Name: RIVERA, RAFAEL ROBLES, ALBERTO

Seller Name: GRIMM, MELVIN L JONES, SANDRA K

## Area Sales Analysis

| | | | | |
|---|---|---|---|---|
| Total Area Sales | 14 | | Median # of Bedrooms | 3 |
| Median Lot Size | 5,624 SF | | Median # of Baths | 2 |
| Median Living Area | 1,633 SF | | Median Year Built | 1932 |
| Price Range - 2 Yrs | $149,000 to $360,000 | | Age Range | 60 years to 95 years |
| Median Value | $234,750 | | Median Age | 79 years |

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011 TitleProfile.com  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.          **Lawyer Title - Orange**



# Lawyers Title
## INSURANCE  CORPORATION

**Nearby Neighbors**

ANAYA, TRINIDAD AND ANAYA, EDUARDO
6508 CEDAR ST, HUNTINGTON PARK 90255-5236
APN: 6323-014-025   LOS ANGELES COUNTY

---

ANAYA, TRINIDAD AND ANAYA, EDUARDO
**6508 CEDAR ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-014-025
Bedrooms: 2            Bathrooms: 2
Square Feet: 1,540 SF   Lot Size: 6,116 SF
Year Built: 1927       Garage:

---

FELDT, BOBBY J (CO TR); ZZ TRUST
**6509 CEDAR ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-014-019
Bedrooms: 4            Bathrooms: 3
Square Feet: 1,876 SF   Lot Size: 5,576 SF
Year Built: 1923       Garage:

---

URIAS, OSCAR H AND BELINDA
**6425 CEDAR ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-014-016
Bedrooms: 4            Bathrooms: 3
Square Feet: 2,049 SF   Lot Size: 5,576 SF
Year Built: 1931       Garage:

---

ORTEGA, PETER
**6612 CEDAR ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-015-038
Bedrooms: 6            Bathrooms: 3
Square Feet: 2,755 SF   Lot Size: 6,116 SF
Year Built: 1969       Garage:

---

CANELA, ESPERANZA
**3043 ZOE AVE**
**HUNTINGTON PARK CA 90255**
APN: 6323-014-001
Bedrooms: 5            Bathrooms: 2
Square Feet: 2,231 SF   Lot Size: 5,332 SF
Year Built: 1923       Garage:

---

GUARDARRAMA, JOSE A AND NANCY TRS;
GUARDARRAMA TRUST GUARDARRAMA
NANCY (TRUSTEE)
**6504 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-024-012

---

BAHRMAN, NORMA AND MERCEDES R TRS;
BAHRMAN TRUST
**6509 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-014-042
Bedrooms: 3            Bathrooms: 2
Square Feet: 1,962 SF   Lot Size: 6,116 SF
Year Built: 1942       Garage:

---

RAMIREZ, HILDA C
**6421 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-014-040
Bedrooms: 4            Bathrooms: 3
Square Feet: 2,082 SF   Lot Size: 6,116 SF
Year Built: 1924       Garage:

---

CASTELLANOS, CLEMENCIA
**6601 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-015-001
Bedrooms: 4            Bathrooms: 5
Square Feet: 2,241 SF   Lot Size: 5,846 SF
Year Built: 1926       Garage:

---

CARRASCO, AARON N
**6611 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-015-003
Bedrooms: 4            Bathrooms: 2
Square Feet: 1,498 SF   Lot Size: 6,116 SF
Year Built: 1926       Garage:

---

CARRASCO, AARON N
**6617 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-015-004
Bedrooms: 3            Bathrooms: 2
Square Feet: 1,982 SF   Lot Size: 6,116 SF
Year Built: 1939       Garage:

---

HERRERA, RAUL AND DEBRA TRS;
HERRERA FAMILY TRUST
**6600 STATE ST**
**HUNTINGTON PARK CA 90255**
APN: 6323-024-007
Bedrooms: 4            Bathrooms: 2

Bedrooms: 5                      Square Feet: 1,958 SF       Lot Size: 6,072 SF
Square Feet: 2,305 SF            Year Built: 1923            Garage:
Year Built: 1922
Bathrooms: 3
Lot Size: 6,072 SF
Garage:

---

VALDEZ, ROBERTO AND GUILLERMINA     CARRERA, FAUSTO AND MERCEDES AND
**6610 STATE ST**                   CARRERA, JUAN
**HUNTINGTON PARK CA 90255**        **6616 STATE ST**
APN: 6323-024-004                   **HUNTINGTON PARK CA 90255**
Bedrooms: 4                         APN: 6323-024-003
Square Feet: 2,286 SF               Bedrooms: 4              Bathrooms: 3
Year Built: 1926                    Square Feet: 2,134 SF    Lot Size: 6,072 SF
Bathrooms: 3                        Year Built: 1940         Garage:
Lot Size: 6,072 SF
Garage:

---

FLORES, RAFAELA AND FLORES, CINDY
**6626 ARBUTUS AVE**
**HUNTINGTON PARK CA 90255**
APN: 6323-016-032
Bedrooms: 3                      Bathrooms: 2
Square Feet: 1,728 SF            Lot Size: 5,576 SF
Year Built: 1935                 Garage:

Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011 TitleProfile.com  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title – Orange**



Data Deemed Reliable, But Not Guaranteed.
Copyright ©1998- 2011 TitleProfile.com  All Rights Reserved.
All other trademarks and copyrights are the property of their respective holders.

**Lawyer Title – Orange**

Recording Requested B
BANK OF AMERICA

12/27/07

Return To:
LOAN # 3306552609
FL9-700-06-22
JACKSONVILLE POST CLOSING
BANK OF AMERICA
9000 SOUTHSIDE BLVD.
BLDG 700, FILE RECEIPT DEPT
JACKSONVILLE, FL 32256

20072836943

**\* PRIMARY RESIDENCE\***

———————————— [Space Above This Line For Recording Data] ————————————

# DEED OF TRUST     LOAN #3306552609

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated    MARCH 16, 2007 together with all Riders to this document.
**(B) "Borrower"** is TRINIDAD R. ANAYA, UNMARRIED PERSON AND EDUARDO ANAYA, UNMARRIED PERSON

Borrower's address is    6508 CEDAR ST., HUNTINGTON PARK, CA 90255

. Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is  BANK OF AMERICA, N.A.

Lender is a  NATIONAL BANKING ASSOCIATION
organized and existing under the laws of    UNITED STATES OF AMERICA

**CALIFORNIA** - Single Family

Page 1 of 15

**BS6(CA)** (0207)       VMP Mortgage Solutions (800)521-7291
            CVCA 02/09/07 12:19 PM

Lender's address is 275 S. VALENCIA AVENUE, BREA, CA 928230000

Lender is the beneficiary under this Security Instrument.
**(D) "Trustee"** is PRLAP, INC.

**(E) "Note"** means the promissory note signed by Borrower and dated MARCH 16, 2007
The Note states that Borrower owes Lender THREE HUNDRED TEN THOUSAND AND 00/100
Dollars
(U.S. $        310,000.00    ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than APRIL 01, 2022
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights
in the Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late
charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The
following Riders are to be executed by Borrower (check box as applicable):

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☒ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes,
regulations, ordinances and administrative rules and orders (that have the effect of law) as well as
all applicable final, non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees,
assessments and other charges that are imposed on Borrower or the Property by a condominium
association, homeowners association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction
originated by check, draft, or similar paper instrument, which is initiated through an electronic
terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize
a financial institution to debit or credit an account. Such term includes, but is not limited to,
point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire
transfers, and automated clearinghouse transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or
proceeds paid by any third party (other than insurance proceeds paid under the coverages
described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or
other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv)
misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or
default on, the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and
interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.)
and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended
from time to time, or any additional or successor legislation or regulation that governs the same
subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

BS6(CA)  (0207)
CVCA 03/16/07 4:54 PM 3306552609

Page 2 of 15

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                                      of LOS ANGELES                                  :

                         [Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

LOT 101 OF TRACT NO. 5311 AS PER MAP RECORDED IN BOOK 56 PAGES 69 -70 OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.


BEING THAT PARCEL OF LAND CONVEYED TO LUIS ANAYA, SR. AND TRINIDAD R. ANAYA, HUSBAND AND WIFE, AND EDUARDO ANAYA, A SINGLE MAN, ALL AS JOINT TENANTS FROM JAUN ANAYA BY THAT DEED DATED 08/24/2001 AND RECORDED 09/14/2001 IN INSTRUMENT NUMBER 01173006 OF THE LOS ANGELES COUNTY, CA PUBLIC REGISTRY.



Parcel ID Number: 6323-014-025                           which currently has the address of
6508 CEDAR ST                                                                          [Street]
HUNTINGTON PARK                               [City] , California 90255-5236 [Zip Code]
("Property Address"):

  TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

  BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

  THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

  UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

  1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the

term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to

make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred

in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee.

BS8(CA)  (0207)

CVCA 03/16/07 4:54 PM 3306552609

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                 EDUARDO ANAYA                        -Borrower

_____          _____ (Seal)
                                 TRINIDAD R. ANAYA                    -Borrower

                    _____ (Seal)     _____ (Seal)
                                          -Borrower                             -Borrower

                    _____ (Seal)     _____ (Seal)
                                          -Borrower                             -Borrower

                    _____ (Seal)     _____ (Seal)
                                          -Borrower                             -Borrower

BSS(CA)  (0207)                          Page 14 of 15
   CVCA 02/09/07 12:19 PM

State of California
County of                    LOS ANGELES                                        } ss.

On *March 16th, 2007*          before me, *THALIA HELEN POPOFF, NOTARY PUBLIC*
                                                                    personally appeared

*TRINIDAD R. ANAYA, EDUARDO ANAYA*

personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s)
acted, executed the instrument.
WITNESS my hand and official seal.



THALIA HELEN POPOFF                                                                   (Seal)

> THALIA HELEN POPOFF
> Commission # 1669473
> Notary Public - California
> Los Angeles County
> My Comm. Expires May 23, 2010

THALIA HELEN POPOFF
LOS ANGELES COUNTY
COMMISSION #1669473
COMM. EXPIRES MAY 23, 2010
PHONE #562-401-5136

LOAN # 3306552609

# 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this   16TH   day of MARCH, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to BANK OF AMERICA, N.A

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at 6508 CEDAR ST, HUNTINGTON PARK, CA 90255-5236

(Property Address)

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows.

A.  ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT. In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**MULTISTATE 1-4 FAMILY RIDER**

BS57R(CA) (0411)   VMP Mortgage Solutions, Inc. (800)521-7291        Page 1 of 4        CA57 03/16/07 4:54 PM 3306552609

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**F. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**G. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of

taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

H. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)
EDUARDO ANAYA                                                              -Borrower

_____ (Seal)
TRINIDAD R. ANAYA                                                        -Borrower

_____ (Seal)
                                                                                       -Borrower

_____ (Seal)
                                                                                       -Borrower

_____ (Seal)
                                                                                       -Borrower

_____ (Seal)
                                                                                       -Borrower

_____ (Seal)
                                                                                       -Borrower

_____ (Seal)
                                                                                       -Borrower

BS57R (0008)                        Page 4 of 4

**B22A (Official Form 22A) (Chapter 7) (12/10)**

In re: **Anaya, Eduardo**
_____
<span style="font-size:smaller">Debtor(s)</span>

Case Number: **2:11-bk-19896-RN**
_____
<span style="font-size:smaller">(If known)</span>

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises**
☑ **The presumption does not arise**
☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| Part I. MILITARY AND NON-CONSUMER DEBTORS | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Veteran's Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>    ☐ I remain on active duty /or/<br>    ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>    OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>    ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

<span style="writing-mode:vertical">© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</span>

B22A (Official Form 22A) (Chapter 7) (12/10)

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | |
|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $   2,250.00 | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — $<br>b. Ordinary and necessary business expenses — $<br>c. Business income — Subtract Line b from Line a | $ | $ |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — $<br>b. Ordinary and necessary operating expenses — $<br>c. Rent and other real property income — Subtract Line b from Line a | $ | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____   Spouse $ _____ | $ | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | | | |

| | a. | Life Partner Contribution | $ 2,000.00 |
|---|---|---|---|
| | b. | | $ |

| | Total and enter on Line 10 | | $ 2,000.00 | $ |
|---|---|---|---|---|

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 4,250.00 | $ |
|---|---|---|---|

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 4,250.00 |
|---|---|---|

## Part III. APPLICATION OF § 707(B)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 51,000.00 |
|---|---|---|

| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
|---|---|---|
| | a. Enter debtor's state of residence: **California**              b. Enter debtor's household size: **5** | $ 85,096.00 |

| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. |
|---|---|
| | ☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII. |
| | ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

## Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
|---|---|---|

| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
|---|---|---|

| | a. | | $ |
|---|---|---|---|
| | b. | | $ |
| | c. | | $ |

| | Total and enter on Line 17. | | $ |
|---|---|---|---|

| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |
|---|---|---|

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|---|---|---|

**B22A (Official Form 22A) (Chapter 7) (12/10)**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | |

(Line 19B total) $

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)(the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
| | | a. | IRS Transportation Standards, Ownership Costs | $ |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a | $ |

| | | | |
|---|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
| | | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare — such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service — such as pagers, call waiting, caller id, special long distance, or internet service — to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|---|---|---|
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center"><strong>Subpart B: Additional Living Expense Deductions</strong><br>Note: Do not include any expenses that you have listed in Lines 19-32</td></tr>
<tr><td rowspan="1">34</td><td colspan="2"><strong>Health Insurance, Disability Insurance, and Health Savings Account Expenses.</strong> List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>

| a. | Health Insurance | $ |
|---|---|---|
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |

Total and enter on Line 34<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br><br>$ _____</td><td>$</td></tr>
</table>

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|---|
| | a. | | | $ | ☐ yes  ☐ no |
| | b. | | | $ | ☐ yes  ☐ no |
| | c. | | | $ | ☐ yes  ☐ no |
| | | | Total: Add lines a, b and c. | | |

(Total) $

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|---|
| | a. | | | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | Total: Add lines a, b and c. | |

(Total) $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. |

| | | | |
|---|---|---|---|
| | a. | Projected average monthly chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

$

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 though 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

| | Part VII. ADDITIONAL EXPENSE CLAIMS | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

| | Part VIII. VERIFICATION |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: __2 - 19 - 11__    Signature: _____<br>(Debtor)<br><br>Date: _____    Signature: _____<br>(Joint Debtor, if any) |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only